### No. 370
### STATE ex HILE v. CLEVELAND (City) et
Ohio Appeals, 8th Dist., Cuyahoga Co.
No. 7157.  Decided April 18, 1927

799. MUNICIPALITIES—Where city operates under a legally adopted charter, and in the charter there is a difference from the State law, the charter governs.

**First Publication of this Opinion**

VICKERY, J.

George D. Hile on the relation of the State, brought an action in injunction to prevent Jacob Graul, as Chief of Police, from drawing his salary. The Cuyahoga Common Pleas refused the prayer and the petition was dismissed. The case was brought into the Court of Appeals on appeal.

This action was brought to prevent Chief Graul from drawing his pay on the ground that his appointment was illegal, because there was no competitive examination for

this position as was required, as was claimed, by the State law and by the constitution.

The Court of Appeals held:

1. The charter of the city of Cleveland not mean that there must be a civil service examination for the Chief of Police; but it is argued that this provision of the charter is not effective because only three departments were marked out in the present charter and the public safety Department was not one of them.

2. While it is true that the amended charter under which the city is now acting, did not specifically create a department of Public Safety, yet by reference it carried into the present charter section 37 of the Charter of 1914 which created a Safety Department.

3. It is argued that the charter does not prevail; but that the State law governs, under which there could be no appointment of Chief of Police without a competitive examination.

4. Where a city has legally adopted a charter, and in that charter there is a difference from the State law, the charter and not the state law governs.

5. The apparent object of this suit was to challenge the right of Jacob Graul to hold the office of Chief of Police; and the salary is a prerequisite only to the office; and any man who holds the office and performs the duties theerof is entitled to the salary. So the purpose must be to contest the right of Jacob Graul to hold the office at all which is sought to be done by the method of injunction.

6. A quo warranto proceeding is the only proceeding in which one can try the right to hold an office, which must be brought by the Attorney General or perhaps by the County prosecutor on behalf of the State.

Decree for defendant dismissing petition.

(Sullivan, PJ., and Levine, J., concur.)

Attorneys—G. O. Hile for plaintiff; Carl Shuler for defendant; all of Cleveland.